UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Gene Trappier, #17041-171, | ) C/A No. 4:14-4-TLW-KDW |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Freddy Curry; | ) |
| Rodney Thomason; | ) |
| Alan Jackson; | ) |
| M. Bordner, FNU; | ) |
| Guthinger, FNU, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Anthony Gene Trappier ("Plaintiff"), is a federal prisoner currently housed at FCI-Williamsburg, located in Salters, South Carolina. Plaintiff is proceeding pro se and *in forma pauperis*. He alleges that he brings this action pursuant to "the Foreign Sovereigns Act of 1976 . . . 28 USC § 1602 et. seq. § 1608." Compl. 1, ECF No. 1. Because that Act is not relevant to the matters asserted in Plaintiff's Complaint or to the parties named in the case,[1] the undersigned

---

[1] The correct title is the Foreign Sovereign Immunities Act. Neither Plaintiff nor any Defendants are "foreign sovereigns" as that statutory term is understood. According to the Fourth Circuit Court of Appeals, that term "includes 'a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in [§ 1603(b) ].' . . . . A majority of the courts considering the scope of 'agency or instrumentality' have concluded that an individual foreign official acting within the scope of his official duties qualifies as an 'agency or instrumentality' of a foreign state." *Yousuf v. Samantar*, 552 F.3d 371, 375-76 (4th Cir. 2009) (citations and footnote omitted). According to another federal court, the Act "was designed to accomplish four objectives: first, it codified the 'restrictive' principle of sovereign immunity . . .; [s]econd, [it] insured that immunity would be strictly a judicial rather than an executive determination . . . ; [t]hird, [it] provided a statutory procedure for service of process on a foreign state . . . ; [and f]inally, [it] provided a remedy should the foreign state fail to pay any judgment rendered against it." *Frolova v. U.S.S.R.*, 558 F. Supp. 358, 361 (N.D. Ill. 1983) (internal citations omitted). Moreover, it has been held that the provisions of the Act "were not intended to create a new federal cause of action, but were intended to provide access to federal courts for resolution of ordinary legal disputes involving a foreign sovereign." *Boxer v. Gottlieb*, 652 F. Supp. 1056, 1060 (S.D.N.Y. 1987).

liberally construes Plaintiff's Complaint as one alleging federal constitutional violations against state actors pursuant to 28 U.S.C. § 1983.[2] Plaintiff seeks monetary damages and injunctive relief in the nature of an order requiring Defendants to return seized cash and an order overturning Plaintiff's state conviction for driving under suspension ("DUS"). *Id*. at 5. This is Plaintiff's third civil action filed in this court based on the same, or virtually similar, facts and claims. *See Trappier v. Livingston*, Civil Action No. 4:12-897-TLW; *Trappier v. Curry*, Civil Action No. 4:12-2445-TLW. The undersigned takes judicial notice of Plaintiff's prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

This case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance of service of process.

---

[2] A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3(1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

2

I.     Background

    A.     Plaintiff's Allegations

Plaintiff alleges five officers from the Myrtle Beach Police Department Drug Enforcement Unit ("DEU") violated his civil rights when, on October 16, 2008, they subjecting him to a warrantless arrest and vehicle and residence searches, without probable cause. Compl. 3, ECF No. 1. Plaintiff alleges his vehicle was improperly stopped because he was told by the arresting officer that there was an outstanding warrant against him for DUS, but no such warrant was produced during the stop. *Id.* He further alleges that the arrest warrant for DUS that was ultimately served on him was not issued until the day after the stop and search, and that Defendants' investigative reports of the incident were fraudulent and did not provide probable cause for the arrest and subsequent searches or the subsequently issued arrest warrant. *Id.* The state drug and firearm charges that were filed against him were dismissed several months later (April 2009) "because the Defendant was federally indicted." Attach. to Compl. at 3, ECF No. 1-1.[3]

The DUS charges arising from the October 16, 2008 stop remained pending against Plaintiff during his federal prosecution. A guilty plea to those charges was entered on Plaintiff's behalf and in his absence due to his federal incarceration. Plaintiff also disputes the lawfulness of his DUS arrest and the guilty plea entered on his behalf in the Complaint under review, and asks this court

---

[3]These allegedly unlawful arrests and searches led to Plaintiff's convictions on federal drug-related offenses in this court, in *United States v. Trappier*, No. 4:09-cr-340-TLW (D.S.C.). Plaintiff pleaded guilty to conspiracy to distribute 100 grams or more of heroin and 500 grams or more of cocaine, and possession of a firearm in furtherance of a drug trafficking crime, and was sentenced to 322 months imprisonment. His guilty plea was entered after his Motion to Suppress Evidence and Motion for a Separate Trial were denied. Plaintiff's convictions and sentences were affirmed by the Fourth Circuit Court of Appeals on September 28, 2011. *United States v. Trappier*, 447 F. App'x 463 (4th Cir. 2011) (finding guilty plea was voluntary and complied with Federal Rule of Criminal Procedure 11 and the suppression motion was properly denied).

3

to overturn the state conviction as part of the relief he requests. Compl. 5, ECF No. 1. He currently has a state post-conviction review ("PCR") case pending, collaterally challenging that conviction. As stated above, Plaintiff has already unsuccessfully pursued a federal civil rights lawsuit in this court challenging that conviction. *See Trappier v. Livingston*, C/A No. 4:12-897-TLW-KDW. That action was summarily dismissed without prejudice and without issuance and service of process on June 13, 2012.[4]

Plaintiff seeks injunctive relief (return of cash that was seized from him in connection with the disputed October 16, 2008 search and reversal of his DUS conviction) and compensatory and punitive damages. Compl. 5.

B.     Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A; and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district

---

[4] Plaintiff's allegations about the DUS conviction in the Complaint now under review are substantially duplicative of those that the court already rejected in Civil Action No. 4:12-897-TLW-KDW.

4

court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

II.     Discussion

Plaintiff's claims for monetary damages against all Defendants in this case are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, the conviction and imprisonment must first be successfully challenged. In that regard, the Court wrote:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

5

> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87. This is often referred to as the "favorable termination rule." *See Wilkins v. DeReyes*, 528 F.3d 790, 802-03 (10th Cir. 2008); *Washington v. Summerville*, 127 F. 3d 552, 558-59 (7th Cir. 1997). The state prosecutor's dismissal of the state drug and firearm charges in favor of a federal prosecution was not a "favorable termination" of those charges because the dismissal was for purposes other than Plaintiff's innocence of the charges. *See Stokes v. Moorman*, No. 9:10-1711-CMC, 2010 WL 3862568, at *5 (Aug. 17, 2010) (collecting cases), *adopted by* 2010 WL 3834470 (D.S.C. Sept. 27, 2010), *aff'd*, 406 F. App'x 823 (4th Cir. 2011); *Jackson v. Gable*, No. 0:05-2591-HFF, 2006 WL 1487047, *6 (D.S.C. May 25, 2006). Thus, *Heck* applies to Plaintiff's assertions in this case.

Under *Heck*, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. *Heck v. Humphrey* is applicable in civil rights actions, such as the one now under review, in which Fourth Amendment issues related to a conviction are involved. *See Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003). In *Ballenger v. Owens*, the Fourth Circuit analyzed how the holding in *Heck* applies to a § 1983 action in which a plaintiff seeks monetary relief for an allegedly unreasonable search and seizure that led to his arrest and conviction. In this regard, the Fourth Circuit stated:

> When evidence derived from an illegal search would have to be suppressed in a

6

> criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would necessarily invalidate the criminal conviction, the stated principle of *Heck* would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983.

352 F.3d at 846. Thus, such a § 1983 action can proceed "only when the suppression of the evidence required by logical application of the § 1983 judgment would not necessarily invalidate the underlying conviction." *Id.* In *Ballenger*, the Fourth Circuit determined that "[t]he cocaine seized was uniquely available from the alleged illegal search, and if it were suppressed as evidence, there would be no evidence to convict Ballenger for drug trafficking." *Id.* at 846-47. Accordingly, because "the suppression of the evidence seized pursuant to the challenged search . . . would [have] necessarily impl[ied] invalidity of the criminal conviction," the Fourth Circuit dismissed Ballenger's claim as barred under *Heck*. *Id.*

Here, the situation is no different from that presented in *Ballenger,* and the same reasoning applies. Plaintiff alleges that the October 16, 2008 traffic stop of his vehicle was unconstitutional because Defendants "falsely" told him that he was stopped because the officers knew he had an outstanding DUS arrest warrant. According to Plaintiff, Defendants lacked probable cause for the warrantless vehicle stop and subsequent searches because the DUS warrant was not really in existence on the day of the stop, but, rather, the arrest warrant was not issued until the day after the stop. Plaintiff claims that his Fourth Amendment rights were violated because Defendants had no probable cause to stop him or arrest him and search his vehicle or residence—searches that revealed that Plaintiff had cash, drugs, and weapons in his possession.

Applying *Heck* principles to this set of facts, if Plaintiff were to succeed in demonstrating in this § 1983 action that the October 16, 2008 arrest and searches and seizures were illegal, such a judgment would necessarily require this court to determine that the heroin, cocaine, and firearms

7

found in Plaintiff's possession should have been suppressed. Such a finding would necessarily imply that the following were invalid: this court's ruling in the suppression hearing in Plaintiff's criminal case; Plaintiff's federal convictions and sentences and his state DUS conviction; and the Fourth Circuit's judgment affirming Plaintiff's convictions and sentences.

Based on Plaintiff's own allegations, it appears that the evidence (heroin, cocaine, and firearms) seized was "uniquely available" from the alleged illegal arrest, searches, and seizures, and, therefore, "if it [had been] suppressed . . . there would [have been] no evidence to convict" Plaintiff (at least on the federal charges). *See Ballenger*, 352 F.3d at 847. Plaintiff has not alleged any facts or made any assertions as to how the government could have convicted him of conspiracy to distribute 100 grams or more of heroin and 500 grams or more of cocaine and possession of a firearm in furtherance of a drug trafficking crime if the arrests, searches, and seizures of the drugs and firearms were found to be illegal. Therefore, in accordance with *Heck*, because Plaintiff's convictions have not been invalidated in a previous action, and because a decision in Plaintiff's favor in this § 1983 action would necessarily invalidate the same, Plaintiff's claims for damages are barred. His injunctive relief claim seeking return of the seized cash used to support his drug and firearm prosecution is also barred by the *Heck* doctrine. *See Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012) (injunctive relief not available under *Heck*) (citing *Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) and other cases).

Furthermore, insofar as Plaintiff seeks the reversal of his state DUS conviction, his claims for injunctive relief cannot be entertained by this court. First, this court does not sit in an appellate capacity over state convictions. *See District of Columbia Ct. App. v. Feldman*, 460 U.S. 462, 476-82 (1983) ( a federal district court lacks authority to review final determinations of state or local courts

because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257). And, second, in *Heck*, the United States Supreme Court reaffirmed that, under *Preiser v. Rodriguez*, 411 U.S. 475 (1973), "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." 512 U.S. at 481. Thus, declaratory or injunctive relief claims that are in the nature of habeas corpus claims are not cognizable under § 1983. *See Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 n.2 (3d Cir. 2008); *Poston v. Shappert*, 222 F. App'x 301 (4th Cir. 2007); *Abella v. Rubino*, 63 F.3d 1063, 1065-66 (11th Cir. 1995).

Although the instant Complaint is being liberally construed as one brought under § 1983, the injunctive relief requests essentially represent collateral attacks on Plaintiff's state and federal convictions and sentences. Regarding the federal convictions and sentences, such challenges are properly raised in motions filed pursuant to 28 U.S.C. § 2255. Regarding the state convictions and sentences, a state PCR action is the first step in the state collateral challenge process. As previously stated, Plaintiff currently has a § 2255 motion pending in his federal criminal case and a PCR action pending in Horry County Court of Common Pleas. Thus, he has full opportunity to properly make the claims in those actions that he attempts to improperly raise through this civil action.

III.     Conclusion

For the foregoing reasons, the undersigned recommends that the Complaint under review be dismissed without prejudice and without issuance and service of process.

Additionally, the Complaint under review is frivolous. Twice, in prior actions based on essentially the same facts, the court informed Plaintiff as to the legal restrictions on these type of claims, yet he raises them again herein. Accordingly, it is further recommended that this case be

9

deemed a strike for purposes of the three-strikes rule because of its frivolity and failure to state a plausible claim against any Defendant. *See* 28 U.S.C. § 1915(g); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009); *see Blakely v. Wards*, 738 F.3d 607 (4th Cir. 2013).

    IT IS SO RECOMMENDED.

*/s/ Kaymani D. West*

March 24, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).